MARTHA GRAFF, RESPONDENT, v. LOUIS STERN SONS, INCORPORATED, APPELLANT.

Submitted May 14, 1926—Decided December 9, 1926.

1. In an action to recover for personal injuries, the evidence tended to show that when the plaintiff started across the street on foot she was in full view of the driver of the defendant's automobile truck and sufficiently distant for him, by the exercise of reasonable care, to avoid hitting her—*Held*, (1) that it was proper for the judge in his charge to call attention to section 7 (2) of the Motor Vehicle act (*Pamph. L.* 1924, *p.* 447), which declares that "every motor vehicle must be equipped with a horn or signalling device, and the operator of the same shall give reasonable warning of his approach whenever necessary to insure the safety of other users of the highway * * * or pedestrian using any part of the highway other than the sidewalk;" and *Held*, (2) that the fact that the defendant's driver gave no signal or warning of his approach, while not conclusive as to his negligence, is a circumstance to be considered in deciding whether or not the defendant's driver operated his truck with reasonable care in the circumstances presented to him, and this is so even though the plaintiff, as she started to cross, saw the defendant's truck about two hundred and fifty or three hundred feet distant coming, as she thought, at a moderate speed.

2. It is the right of the trial judge in his charge to state his recollection of the testimony, and such statement, even if not entirely accurate, is no ground for reversal so long as the right and duty of the jury to rely upon their own recollection, and to decide for themselves all disputed questions of fact, is pointed out in the charge.

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Joseph C. Paul* and *Jacob Schneider*.

For the respondent, *Alexander Simpson*.

The opinion of the court was delivered by

TRENCHARD, J.   At the trial the jury, if they saw fit, could legitimately find, and no doubt did find, from the conflicting evidence, the following matters of fact: The plain-. tiff, a woman, was riding with friends in an automobile along the Lincoln Highway, in Jersey City, on August 9th, 1924, at one-thirty P. M.   The automobile stopped on her left-hand side of the road.   The plaintiff looked back and saw the defendant's automobile truck coming at a moderate speed more than three hundred feet away.   She then alighted from the car and again looked back and again saw the defendant's truck coming, as she thought, at a moderate speed, about two hundred and fifty or three hundred feet away. She proceeded to cross to the right-hand side of the street, and was struck and injured, just as she reached the curb and had one foot on the sidewalk, by the defendant's truck, which had given no signal or warning of its approach.

The defendant's first point, on this its appeal, is that the plaintiff's judgment should be reversed because "the court erred in charging the jury concerning the warning by horn or other signal and device."

We think that contention is without merit.   The evidence tended to show that when the plaintiff started across the street she was in full view of the driver of the defendant's truck, and sufficiently distant for him, by the exercise of reasonable care, to avoid hitting her.   *Migans* v. *Jersey City, &c., Railway Co.,* 76 *N. J. L.* 535.   It was therefore proper for the trial judge in his charge to call attention to section

7 (2) of the Motor Vehicle act (*Pamph. L.* 1924, *p.* 447), which declares that "every motor vehicle must be equipped with a horn or signalling device, and the operator of the same shall give reasonable warning of his approach whenever necessary to insure the safety of other users of the highway * * * or pedestrian using any part of the highway other than the sidewalk," &c. The fact that the defendant's driver gave no signal or warning of his approach, while not conclusive as to his negligence, is a circumstance to be considered in deciding whether or not the defendant's driver operated his truck with reasonable care in the circumstances presented to him, and this is so even though the plaintiff, as she started to cross, saw the defendant's truck about two hundred and fifty or three hundred feet distant coming, as she thought, at a moderate speed. *Chiapparine* v. *Public Service Railway Co.,* 91 *Id.* 581. Tested by these rules the instruction, in the respect in question, was quite right.

The next and last point made for reversal is that the court erred in charging the jury that it was a fact of the case that the plaintiff was injured while she had one foot on the curb and the other in the gutter, and thereby took from the jury the determination of the question as to the point at which the accident occurred.

We think that this contention is ill-founded in point of fact. Nowhere in his charge did the trial judge assume to decide that or any other matter of fact. The entire charge, inclusive of that part of it which the defendant recites in its brief, shows that the judge avowedly stated only his recollection of the testimony to which he referred, and such statement, even if not entirely accurate, is no ground for reversal so long as the right and duty of the jury to rely upon their own recollection, and to decide for themselves all disputed questions of fact, is pointed out in the charge. *State* v. *Hummer,* 73 *N. J. L.* 714; *Manda* v. *Delaware, &c., Railway Co.,* 89 *Id.* 327; *Foley* v. *Loughran,* 60 *Id.* 464. This the trial judge did expressly and plainly.

The judgment will be affirmed, with costs.